IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRYANT ANDERSON, #277 744, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-960-MHT |
| | ) | [WO] |
| JUDGE BRADY E. MENDHEIM, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, file this 42 U.S.C. § 1983 action against the Honorable Brady Mendheim, Jr. He seeks to challenge the constitutionality of his state court criminal proceedings before the Circuit Court for Houston County, Alabama. Plaintiff seeks damages and requests that Judge Mendheim "step down" temporarily to study the law. Doc. 1.

Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).[1]

**I. DISCUSSION**

Plaintiff is incarcerated on a conviction for attempted murder entered against him by the Circuit Court for Houston County on April 19, 2016. In the complaint, Plaintiff challenges the

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis status*. Doc. 5. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

sufficiency of the evidence used to convict him, alleges that the jury returned a contradictory verdict, and maintains that Judge Mendheim coerced the jury's guilty verdict. Doc. 1 at 2-3, 5-6.

**A.  Judge Brady Mendheim, Jr.**

**1. Damages**

Plaintiff asserts claims against Judge Mendheim which emanate from actions taken by him in his judicial capacity during state court proceedings over which he had jurisdiction. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 Fed. Appx. 988, 990 (11th Cir. 2005) (*citing Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)).  A state court judge is, thus, entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 Fed. Appx. 389, 391 (11th Cir. 2015) (*citing Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

The court has reviewed Plaintiff's allegations against Judge Mendheim and finds that they do not compel the conclusion that this defendant acted in clear absence of jurisdiction. Accordingly, Plaintiff's claim for monetary damages against Judge Mendheim is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**2.  Declaratory and/or Injunctive Relief**

**a.  Non-Final Orders**. Plaintiff's allegations against Judge Mendheim concern rulings and/or decisions he made in his judicial capacity during state court proceedings over which he had jurisdiction. To the extent that Plaintiff seeks relief from adverse decisions issued by Judge Mendheim which are not yet final, he is not entitled to relief from this court on such claims as

there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

      **b.  <u>Final Orders</u>**.  With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Mendheim which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. §1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464.  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions

of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief against Judge Mendheim regarding matters associated with Plaintiff's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. at 327.

## B. The Challenge to Plaintiff's Conviction

If Plaintiff seeks to challenge the validity of his criminal conviction and/or sentence imposed upon him by the Circuit Court for Houston County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, … that necessarily imply the invalidity of the punishment

imposed, is not cognizable under § 1983 …" unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] … that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented by Plaintiff challenging the constitutionality of his state court conviction and/or sentence are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's § 1983 claims against Defendant Mendheim be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2.   Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3.   This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that **on or before March 27, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge